**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| HARI RAM YADAV, et al. | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil No. 22-cv-00420-LKG |
| | * | |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES, et al. | * | |
| | * | |
| Defendants. | * | |
| | * * * * * | |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

---

Erek L. Barron
United States Attorney
Matthew T. Shea (Bar No. 19443)
Assistant United States Attorney
36 S. Charles St., 4th Floor
Baltimore, Maryland 21201
(410) 209-4800
Matthew.Shea2@usdoj.gov

*Counsel for Defendants*

# TABLE OF CONTENTS

I.      INTRODUCTION.................................................................................................. 1

II.     BACKGROUND .................................................................................................. 3

III.    STANDARD OF REVIEW: SUMMARY JUDGMENT UNDER RULE 56(a) ......... 7

IV.     ARGUMENT ..................................................................................................... 10

      A.      Summary Judgment In Favor of Defendants Is Warranted........................... 11

            1.      Defendants Properly Asserted FOIA Exemption 7(E). ...................... 11

            2.      Defedants Properly Asserted FOIA Exemption 7(C). ........................ 14

      B.      Plaintiffs' Motion for Summary Judgment Should be Denied. ...................... 16

            1.      The Records Plaintiffs Complain USCIS Did Not Produce Do Not Exist In The Agency's Files.................................................................... 16

            2.      Plaintiffs' Accusations Of Bad Faith Are Baseless. ............................ 19

            3.      Plaintiffs' APA Claim Is Barred Because The FOIA Is The Exclusive Remedy.................................................................................................... 23

V.      CONCLUSION ................................................................................................. 24

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HARI RAM YADAV, et al.                    *
                                          *
        Plaintiffs,                       *
                                          *
    v.                                    *    Civil No. 22-cv-00420-LKG
                                          *
U.S. CITIZENSHIP AND IMMIGRATION          *
SERVICES, et al.                          *
                                          *
        Defendants.                       *
                                     * * * * *

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION
TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Defendants, the United States Citizenship and Immigration Services ("USCIS" or the "Agency") and USCIS Director Ur Jaddou (together, "Defendants"), through their counsel, Erek L. Barron, United States Attorney for the District of Maryland, and Matthew T. Shea, Assistant United States Attorney for that district, submit this memorandum of law in support of their motion for summary judgment ("Defendants' Motion") and in opposition to Plaintiffs' motion for summary judgment ("Plaintiffs' Motion").

**I.      INTRODUCTION**

On February 19, 2022, Hari Ram Yadav and Adam J. Rosen ("Plaintiffs") filed the Complaint for Declaratory and Injunctive Relief (the "Complaint"). *See* ECF No. 1. In the Complaint, Plaintiffs seek to compel Defendants to disclose records Plaintiff requested under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

Plaintiffs' FOIA request sought records from USCIS concerning the denial of Mr. Yadav's I-485 Application to Adjust Status. *See* Munita Declaration, Attachment 1 (Plaintiffs' FOIA

request) (J.R.0101-06).  The records requested included, among other things, a "[c]opy of the immigration records showing that Hari Ram Yadav was a participant in a fraud scheme regarding Accelerated Innovators, Inc.," and other records concerning Mr. Yadav's involvement in that fraud scheme.  *Id.*  USCIS identified 140 pages that are responsive to Plaintiff's request, and on November 11, 2021, produced 114 pages in their entirety and three pages in part.  Twenty-three pages were withheld in full, and three pages were withheld in part, as exempt pursuant to 5 U.S.C. § 552 (b)(7)(C) and (b)(7)(E).  On August 30, 2022, the Agency produced an additional four records in full.

Disappointed that their FOIA request did not turn up records they were hoping would be revealed, Plaintiffs now attack the sufficiency of Defendants' production.  But Plaintiffs do not raise any legitimate issues concerning the Agency's search process or the *Vaughn* index descriptions.  Instead, Plaintiffs speculate that the records they seek must exist – and by extension, that the Agency refused to produce them or even list them on its Vaughn index – and base this speculation on nothing more than a comment by an Assistant United States Attorney in a criminal case in the Eastern District of New York.  The reality is much simpler: the records were not located in USCIS's files.  Plaintiffs' speculation and baseless accusations of bad faith are not grounds for summary judgment in this FOIA action.

Summary judgment in Defendants' favor, on the other hand, is appropriate.  The attached Declaration of Cynthia Munita (the "Munita Declaration;" J.R.0092-100) and the previously filed *Vaughn* index (ECF No. 22-1) explain each redaction and withholding the Agency made and the basis for that redaction or withholding.  Because the Agency satisfies its burden of proving that it properly invoked the pertinent FOIA exemptions, and because Plaintiff cannot show a material

2

issue as to the Agency's good faith, Defendant is entitled to summary judgment under Rule 56(a)

of the Federal Rules of Civil Procedure (the "Rules").

## II.    **BACKGROUND**

On October 8, 2021, USCIS received a FOIA request submitted by Plaintiffs that sought

access to records relating to Plaintiff Hari Ram Yadav that are in the custody and control of USCIS.

Munita Declaration ¶ 7.  Specifically, Plaintiffs' FOIA request sought a "copy of the immigration

records showing that Hari Ram Yadav was named as a participant in a fraud scheme regarding

Accelerated Innovators Inc."  *Id.*  Plaintiffs' FOIA request further described the records they

sought as follows:

> copy of the statement given under oath to Consular Officer that USCIS relied on in
> I-485 denial, copy of the subsequent visa application that USCIS officer reviewed
> to allege misrepresentation in denial of I-485, copy of USCIS officer notes from
> and related to 06/23/2021 interview of Hari Ram Yadav, copy of any video and/or
> audio recording from 06/23/2021 interview at USCIS, copy of Steve Wigginton
> plea agreement and all Steve Wigginton testimony relied on by USCIS in I-485
> denial, notes from criminal investigators determining that (a) Hari Ram Yadav was
> not duped or misled by Steve Wigginton and (b) Hari Ram Yadav specifically
> sought out Steve Wigginton to fraudulently obtain a visa to the US.

*Id.*; *see also* Attachment[1] 1 (Plaintiffs' FOIA Request) (J.R.0101-06).

The USCIS Freedom of Information and Privacy Act ("FOIA/PA") Unit acknowledged

Plaintiffs' FOIA request in a letter dated October 14, 2021.  Munita Declaration ¶ 8.  USCIS's

acknowledgement letter informed Plaintiffs that their request was assigned USCIS FOIA request

number NRC2021194538 and was placed in the simple track (Track 1).  *Id.*  The letter further

informed Plaintiffs that USCIS, consistent with the FOIA at 5 U.S.C. § 552(a)(6)(B), would invoke

a 10-day extension to process Plaintiffs' FOIA request due to the increasing number of FOIA

requests received by USCIS and the need to locate, compile, and review responsive records from

---

[1] All Attachments cited herein are attached to the Munita Declaration.

multiple offices and the possible need to consult with another agency or other DHS component that may have a substantial interest in the responsive records. *Id.*; *see also* Attachment 2 (USCIS FOIA Acknowledgment Letter to Plaintiffs) (J.R.0107-09).

After reviewing Plaintiffs' FOIA request, USCIS FOIA/PA Unit staff commenced a search on October 14, 2021, to locate records responsive to Plaintiffs' FOIA request. Munita Declaration ¶ 9. Staff entered Plaintiff Yadav's Alien file number,[2] which was provided to USCIS in Plaintiffs' FOIA request, into the USCIS RAILS (not an acronym) Alien file ("A-file") tracking database. Based on their substantial USCIS FOIA experience and knowledge of USCIS records and records systems, and after careful review of Plaintiffs' FOIA request, USCIS/PA Unit staff reasonably believed that Plaintiff Yadav's A-file contained the USCIS records that would be responsive to Plaintiffs' FOIA request.[3] *Id.*

Querying the RAILS database utilizing Plaintiff Yadav's A-file number enabled USCIS FOIA/PA staff to ascertain the location of Plaintiff Yadav's responsive immigration records, which are maintained in his A-file, including any video or audio media, then retrieve and scan the records into USCIS's FOIA Immigration Records System ("FIRST") for review and processing pursuant to FOIA and its implementing DHS FOIA regulation, 6 C.F.R. Part 6. Munita Declaration ¶ 10. No video or audio of any USCIS interview with Plaintiff Yadav was located. *Id.* ¶ 11. No statement made by Plaintiff Yadav to a Consular Officer was located. *Id.* (Consular Officers are

---

[2] An Alien Registration Number (A-Number) is a unique seven, eight, or nine-digit number assigned to a noncitizen by DHS. https://www.uscis.gov/tools/glossary [accessed October 4, 2022].

[3] The Alien File, Index, and National File Tracking System of Records is the official record system that contains information regarding the transactions of an individual as he or she passes through the U.S. immigration process. 82 Fed. Reg. 43,556 (Sept. 18, 2017).

employed by the United States Department of State and their records would be maintained by the Department of State. *Id.*) No copy of a Steve Wigginton plea agreement or copies of any Steve Wigginton testimony were located. *Id.*

The USCIS FOIA/PA Unit does not adjudicate applications and petitions seeking immigration benefits that are filed with USCIS. Munita Declaration ¶ 12. USCIS FOIA/PA staff do not have adequate means to answer Plaintiffs' inquiries seeking the specific records that USCIS Immigration Service Officers ("ISOs") "relied on," when they adjudicated Plaintiff Yadav's immigration benefits applications, which records were "reviewed" or "used," or which records were used by "criminal investigators" to determine that Plaintiff Yadav "was not duped or misled by Steve Wigginton." *Id.* (quoting Attachment 1 (Plaintiffs' FOIA Request) (J.R.0106)).

After completing their review of Plaintiff Yadav's responsive records and processing them for FOIA production via USCIS's FIRST processing system, on November 11, 2021, the USCIS FOIA/PA Unit produced 114 pages of records to Plaintiffs in their entirety, three pages in part, and fully withheld 23 pages of records. Munita Declaration ¶ 13; *see also* Attachment 3 (USCIS FOIA Response Letter to Plaintiffs, dated November 11, 2021) (J.R.0111). USCIS's FOIA response letter informed Plaintiffs that upon its review of the responsive records, USCIS determined that it would release all information except those portions that are exempt pursuant to 5 U.S.C. § 552 (b)(7)(C) and (b)(7)(E) (Exemptions 7C and 7E) of the FOIA. Munita Declaration ¶ 14. Exemption 7(C) was applied to withhold personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. *Id.* Exemption 7(E) was applied to withhold records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions. *Id.*

On November 30, 2021, the National Records Center ("NRC") received an administrative

FOIA appeal submitted by Plaintiffs that appealed USCIS's FOIA response. Munita Declaration

¶ 15. Plaintiffs' FOIA appeal challenged the scope of the USCIS records search conducted in

response to Plaintiffs' FOIA request and challenged the FOIA exemptions USCIS applied to the

responsive records. *Id.*; *see also* Attachment 4 (Plaintiffs' FOIA Appeal) (J.R.0115-17). On

December 27, 2021, USCIS responded to Plaintiffs' FOIA appeal, informing Plaintiffs that their

FOIA request was being remanded to the NRC to conduct a further search for responsive records.

Munita Declaration ¶ 16; *see also* Attachment 5 (USCIS Appeal Response) (J.R.0144). USCIS

FOIA staff identified a series of receipt file numbers[4] maintained by USCIS that corresponded to

Plaintiff Hari Ram Yadav. *Id.* The NRC was directed to conduct an additional search of the receipt

files pertaining to Plaintiff Yadav for responsive records. *Id.* Before USCIS could complete its

supplemental FOIA search and respond to Plaintiffs' appeal, Plaintiffs filed their Complaint in this

Court. *See* ECF No. 1. If a FOIA appeal becomes the subject of a lawsuit, the agency is not

required to act further on the appeal. *See* 6 C.F.R. § 5.8(b)(3). Nonetheless, USCIS continued its

supplemental records search and located four Form I-129 Petitions for a Non-Immigrant Worker

visa that were submitted on behalf of Plaintiff Yadav. Munita Declaration ¶ 16. Copies of the

Form I -129 visa petitions were produced to Plaintiffs on August 30, 2022. *Id.*; *see also* ECF No.

22-2 at Record No. 21.

The USCIS searches for records responsive to Plaintiffs' FOIA request were conducted in

good faith, consistent with FOIA's requirements and its implementing DHS regulation, and were

reasonably calculated to locate all responsive records and did, in fact, locate responsive USCIS

---

[4] A receipt file is a temporary file maintained by USCIS that contains individuals' immigration
records such as visa petitions and applications.

records that pertained to Plaintiff Yadav and were relevant to his FOIA request. Munita Declaration ¶ 17. The responsive records are maintained in Plaintiff Yadav's A-file and receipt files that are under the custody and control of USCIS. *Id.* A description of the responsive records is contained in the List of Records Produced or Withheld (ECF No. 22-2) and in the USCIS *Vaughn* index (ECF No. 22-1).

### III.    STANDARD OF REVIEW:  SUMMARY JUDGMENT UNDER RULE 56(a)

Summary judgment is appropriate when "'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law,' based on the 'materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations … , admissions, interrogatory answers, or other materials.'" *Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013) (quoting FED. R. CIV. P. 56(a), (c)). An issue of fact is "genuine" only if the evidence is such that a reasonable factfinder could find for the non-moving party. *See Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is "material" only if it could affect the outcome of the case under the general applicable standard. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The mere existence of some alleged factual dispute in the case, however, will not defeat an otherwise properly supported summary judgment motion. *See id.* at 247-48.

Once the movant presents a properly supported motion for summary judgment, the burden shifts to the non-movant to set forth specific facts, through affidavits or other evidence, that there is a genuine issue for trial. *See* FED. R. CIV. P. 56(e). "The nonmoving party, however, cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

FOIA cases are generally resolved on summary judgment. *See Am. Mgmt. Servs. v. Dep't of the Army*, 703 F.3d 724, 735 (4th Cir. 2013); *Moore v. United States*, No. 1:13-cv-02353, 2014 WL 2575765, at *2 (D. Md. June 6, 2014). To prevail on a summary judgment motion, the agency must prove that it conducted an adequate search for responsive records and that each responsive record was either produced to the plaintiff or exempt from disclosure. *See Nicholas v. NSA*, No. 1:05-cv-02800, 2006 WL 4071922, at * 1 (D. Md. May 11, 2006); *see also Taitz v. Astrue*, 806 F. Supp. 2d 214, 217 (D.D.C. 2011).

To meet its burden, the Government may rely on reasonably detailed and nonconclusory affidavits or declarations. *Freeman v. DOJ*, 808 F.2d 834, 834 (4th Cir. 1986). To demonstrate the adequacy of a search, an agency may provide a reasonably detailed affidavit that sets forth the "type of search performed, and averring that all files likely to contain responsive materials … were searched." *Clay v. DOJ*, No. 1:09-cv-00179, 2010 WL 325587, at *3 (D.D.C. Jan. 29, 2010) (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)); *see also In Def. of Animals v. NIH*, 543 F. Supp. 2d 83, 98 (D.D.C. 2008) ("To meet its burden, the agency may submit affidavits or declarations that explain both in reasonable detail and in a non-conclusory fashion the scope and method of the agency's search."). In considering the agency's submissions, the Fourth Circuit has explained that "[i]t is imperative that the court consider and accord 'substantial weight to the expertise of the agencies charged with determining what information the government may properly release.'" *Bowers v. DOJ*, 930 F.2d 350, 357 (4th Cir. 1991) (quoting *Simmons v. DOJ*, 796 F.2d 709, 711 (4th Cir. 1986)); *see Havemann v. Astrue*, No. 1:10-cv-01498, 2012 WL 4378143, at *3 (D. Md. Sept. 24, 2012) (stating that such affidavits are "accorded a presumption of good faith"); *see also SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C.

Cir. 1991) ("Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents.").

If any agency has redacted information or withheld documents in response to a FOIA request, the agency must show that it properly invoked any FOIA exemptions. *See* 5 U.S.C. § 552(a)(4)(B); *Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). The agency can satisfy its burden through affidavits, declarations, a *Vaughn*[5] index, or other evidence showing that the information is exempt from disclosure. *See, e.g.*, *Bowers*, 930 F.2d at 357 ("If the government fairly describes the content of the material withheld and adequately states its ground for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, a district court should uphold the government's position.") (quoting *Spannaus v. DOJ*, 813 F.2d 1285 (4th Cir. 1987)). "To prevail over this presumption a requestor must demonstrate a material issue by producing evidence, through affidavits or other appropriate means, … suggesting bad faith." *Havemann v. Colvin*, 629 F. App'x 537, 539 (4th Cir. 2015).

Defendant's declarant is Cynthia Munita, the Associate Center Director and Chief FOIA Officer in the FOIA/PA Unit, NRC, USCIS. Munita Declaration ¶ 1. In her role, Ms. Munita supervises over 200 information access professionals responsible for the orderly processing of all public, congressional, judicial, and inter- and intra-agency requests or demands for access to

---

[5] *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). There is no set formula for a *Vaughn* index. "[I]t is well established that the critical elements of the *Vaughn* index lie in its function, and not in its form." *Kay v. FCC*, 976 F. Supp. 23, 35 (D.D.C. 1997). "A *Vaughn* index must (1) identify each document withheld; (2) state the statutory exemption claimed; and (3) explain how disclosure would damage the interests protected by the claimed exemptions." *Citizens Comm'n on Human Rights v. FDA*, 45 F.3d 1325, 1326 n.1 (9th Cir. 1995). "Of course, the explanation of the exemption claim and the descriptions of withheld material need not be so detailed as to reveal that which the agency wishes to conceal, but they must be sufficiently specific to permit a reasoned judgment as to whether the material is actually exempt under FOIA." *Founding Church of Scientology v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979).

USCIS records and information under the FOIA, Privacy Act, Executive Orders, departmental directives, regulations, and compulsory legal process.  *Id.* ¶ 2.  The Munita Declaration describes the details of the Agency's search for documents responsive to the FOIA request and the justifications for withholding and redacting certain information.  Defendants have also prepared a *Vaughn* index, which pursuant to the Court's instructions, was filed on September 1, 2022.  *See* ECF No. 22-1.  The *Vaughn* index includes, for each record, the page numbers for where the record can be found in the production, a description of each record, and a particularized explanation of the withheld information.

## IV.    **ARGUMENT**

"The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed."  *Casa de Md., Inc. v. U.S. Dep't of Homeland Sec.*, 409 F. App'x 697, 699 (4th Cir. 2011) (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)).  Thus, under FOIA, when a person or entity makes a specific and reasonable request for records from a federal agency, the agency must make the responsive records available.  *See* 5 U.S.C. § 552(a)(3)(A); *Am. Mgmt. Servs.*, 703 F.3d at 728.  Because public disclosure may not always be in the public interest, however, FOIA contains nine exemptions designed to safeguard various public interests against the harms that would arise from overbroad disclosure.  *See Am. Mgmt. Servs., LLC*, 703 F.3d at 728.    Although courts narrowly construe the nine FOIA exemptions, "even such narrow construction does not imply that disclosure is always called for."  *Sung Bal Cho v. USDA*, No. 1:05-cv-01456, 2006 WL 8456574, at *2 (D. Md. May 3, 2006).

Based on the record, Defendants[6] contend that the Agency's actions in responding to the FOIA request were fully justified and that, as a result, the Court should grant Defendants' Motion and deny Plaintiffs' Motion. The Munita Declaration comprehensively articulates the search USCIS conducted for responsive records and the descriptions of and justifications for the information the Agency withheld under Exemptions 7(C) and 7(E) of the FOIA, 5 U.S.C. § 552(b)(7)(C) and (E).

### A.    SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS IS WARRANTED

#### 1.    DEFENDANTS PROPERLY ASSERTED FOIA EXEMPTION 7(E)

FOIA Exemption 7(E) protects from mandatory disclosure records compiled for law enforcement purposes[7] if release "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). Courts have upheld the Government's use of this exemption where there are particular techniques or procedures in the documents and where it "goes beyond the legitimate public interest." *Putnam v. United States*, 873 F. Supp. 705, 717 (D.D.C. 1995). Essentially,

---

[6] Plaintiffs improperly name Ur Jaddou, the Director of USCIS, as a Defendant. "It is well established that '[i]ndividual federal employees are not subject to suit under FOIA.'" *Ferguson v. Alderson Fed. Prison Camp*, No. CV 1:18-00180, 2018 WL 7820739, at *6 (S.D.W. Va. Oct. 17, 2018), *report and recommendation adopted*, No. 1:18-CV-00180, 2019 WL 1301975 (S.D.W. Va. Mar. 21, 2019); *see also Thomas v. Fed. Aviation Admin.*, No. CIV.A. 05-2391(CKK), 2007 WL 219988, at *3 (D.D.C. Jan. 25, 2007) ("The only proper defendant in a FOIA case is a federal agency. Individual federal employees are not subject to suit under FOIA.") (internal citations omitted). Additionally, Attorney General Merrick Garland was not named as a Defendant in the Complaint (ECF No. 1) but is mistakenly listed as a Defendant on the Civil Docket (along with "Civil Process Clerk"). To the extent the Court considers Attorney General Garland a Defendant in this action, he should be dismissed from the case as well.

[7] The records at issue here were compiled for law enforcement purposes as "USCIS is a law enforcement agency." *Ibrahim v. United States Dep't of State*, 311 F. Supp. 3d 134, 143 (D.D.C. 2018) (holding USCIS's application of Exemption 7(E) was proper).

Exemption 7(E) "protects law enforcement agencies from being required to provide information that might help criminals avoid apprehension." *Epps v. DOJ*, 801 F. Supp. 787, 795 (D.D.C. 1992), *aff'd in pertinent part and vacated in other part*, 995 F.2d 305 (D.C. Cir. 1993). As one court in this District recently explained:

> Exemption 7(E) sets a relatively low bar for the agency to justify withholding: Rather than requiring a highly specific burden of showing how the law will be circumvented, exemption 7(E) only requires that the [agency] demonstrate logically how the release of the requested information might create a risk of circumvention of the law.

*Cath. Legal Immigr. Network, Inc. v. United States Citizenship & Immigr. Servs.*, No. TJS-19-1511, 2020 WL 5747183, at *12 (D. Md. Sept. 25, 2020) (quoting *Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011)).

Here, the Agency withheld four records based on Exemption 7(E). *First*, five internal USCIS emails between USCIS immigration officers who were investigating immigration fraud were withheld in full. These emails discussed potential illegal activity – immigration fraud – that was found during a USCIS review of an employer sponsored non-immigrant worker visa (H-1B) that was submitted to USCIS on behalf of Plaintiff Hari Yadav. *Second*, Exemption 7(E) was applied to partially redact the law enforcement information on FBI Fingerprint and FBI Name Check database query screen-prints. *Third*, Exemption 7(E) was applied to fully withhold a record of investigation and findings by the Fraud Detection and National Security Directorate (FDNS), which is a law enforcement arm of USCIS and is responsible for investigating immigration fraud and national security concerns that arise during USCIS immigration adjudications. The withheld record concerns an immigration fraud investigation related to Plaintiff Yadav and includes handwritten notes generated by an FDNS immigration officer as well as law enforcement information derived from law enforcement database queries. *Fourth*, Exemption 7(E) was applied

12

to partially redact a copy of a Record of Inquiry – TECS ("ROIT") that recorded TECS database checks conducted on Plaintiff and others, such as sponsors, that appear in Plaintiff's immigration records.

Exemption 7(E) was properly applied to all four of the records at issue. Disclosure of this information would give Plaintiff and other unauthorized individuals insight into certain federal law enforcement techniques and procedures utilized during immigration fraud investigations, including law enforcement sources and information derived from a variety of law enforcement sources. This information would enable Plaintiff and others to tailor their interactions with and submissions to USCIS and avoid detection of disqualifying information, thereby circumventing the law and impeding law enforcement investigations related to immigration fraud. For these reasons, the withheld information was plainly exempt from disclosure under Exemption 7(E). *See Cath. Legal Immigr. Network*, 2020 WL 5747183, at *13 ("Because release of the document would disclose how the Agency considers fraud indicators, creating a risk of circumvention of the law, the Court finds that the document was properly withheld under Exemption 7(E)."); *Am. Immigration Lawyers Ass'n v. U.S. Dep't of Homeland Sec.*, 852 F. Supp. 2d 66, 79 (D.D.C. 2012) (finding that disclosure of fraud indicators "reasonably could lead to circumvention of laws or regulations," as they could "provide a 'roadmap' or 'guidance' to those looking to circumvent the law, which would thwart future law enforcement efforts"); *Techserve All. v. Napolitano*, 803 F. Supp. 2d 16, 29 (D.D.C. 2011) (holding that disclosure of withheld documents "would reveal the selection criteria, fraud indicators, and investigative process that USCIS and other agencies use in fraud investigations," which "would potentially enable the circumvention of law and could create national and homeland security problems"); *Mezerhane de Schnapp*, 67 F. Supp. 3d at 101 (finding that TECS database records and printouts are law enforcement techniques, procedures, and

guidelines for law enforcement exempt from disclosure pursuant to Exemption 7(E) and upholding USCIS's Exemption 7(E) redactions of TECS database screen-prints).[8]

### 2. DEFENDANTS PROPERLY ASSERTED FOIA EXEMPTION 7(C)

Exemption 7(C) of the FOIA protects from disclosure "records or information compiled for law enforcement purposes" if the production of such records "could reasonably be expected to constitute an unwarranted invasion of personal privacy." *See* 5 U.S.C. § 552 (b)(7)(C).  Personal privacy has been described as an "individual's interest in avoiding disclosure of personal matters" that encompass "the individual's control of information concerning his or her person." *United States Department of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 762-63 (1989).  If a privacy interest exists, the analysis requires a balancing of the individual's right to privacy against the public interest in disclosure.  *See United States DOD v. Federal Labor Relations Authority*, 510 U.S. 487, 495 (1994).   Further, "a court must verify the existence of a public interest in disclosure.  In so doing, the only relevant public interest in disclosure to be weighed ... is the extent to which disclosure would serve the core purpose of the FOIA, which is contribut[ing] significantly to public understanding *of the operations or activities of the government.*"  *Havemann*, 2012 WL 4378143, at *5 (cleaned up; italics in original).

---

[8] Plaintiffs argue that because the Agency has revealed *some* information about immigration fraud on its website and elsewhere, it follows that it must reveal *all* information concerning fraud indicators.  *See* ECF No. 24-1 at 14-15.  To support this contention – which would essentially mean that the Agency could no longer withhold *any* information concerning fraud indicators, no matter how sensitive – Plaintiffs attach four news articles to their Motion, in which the media generally described various successful (and already completed) sting operations that are not relevant here.  *See* ECF No. 24-3 at 59-78 (J.R.059-078).  And the only case Plaintiffs cite does not support their argument and is inapposite.  In *State of N. D. ex rel. Olson v. Andrus*, the documents at issue were ones that the government had *already* disclosed to the opposing counsel in a separate litigation.  581 F.2d 177, 180 (8th Cir. 1978).

The information that was withheld pursuant to Exemption 7(C) was simply names and other personal identifiable information (PII) of USCIS and other law enforcement officers. Munita Declaration ¶ 14; ECF No. 22-1 (*Vaughn* index) at Records 1, 3, and 4. USCIS has determined that the individuals to whom this information pertains have a substantial privacy interest in it and that the disclosure of this information would shed no light on the operations or activities of the Agency. *Id.*; *Havemann*, 2012 WL 4378143, at *5. And indeed, Plaintiffs state in their Motion that "Plaintiffs are not seeking the names or personal identifying information of the federal agents involved in the investigation." ECF No. 24-1 (Plaintiffs' Memorandum) at 12.[9] Because the privacy interest of the individuals in question outweighs any theoretical public interest to be served by disclosure of the withheld PII, application of Exemption 7(C) was proper. *See Gosen v. United States Citizenship & Immigr. Servs.*, 75 F. Supp. 3d 279 (D.D.C. 2014) ("Upon request by asylum applicant, United States Citizenship and Immigration Services (USCIS) properly withheld information under the Freedom of Information Act (FOIA) exemptions for personnel and medical files and for law enforcement information that could reasonably be expected to constitute an unwarranted invasion of personal privacy; it was beyond dispute that the identifying information of government employees contained in the withheld documents, including names, signatures, and personal database codes, implicated significant privacy interests, and, because the documents did not shed any light on the public interest identified by applicant as justifying their release, namely, by showing that USCIS allegedly engaged in misconduct by unreasonably delaying

---

[9] Plaintiffs seem to suggest that USCIS fully withheld records based on Exemption 7(C). *See* ECF No. 24-1 at 12-13. But the *Vaughn* index shows that only Exemption 7(E) was applied to fully withhold documents. USCIS only withheld two records in full – *i.e.*, Records 1 and 3 on the *Vaughn* index. Those entries state the Exemption 7(E) applied to withhold the records in full. Exemption 7(C), on the other hand, was applied just to withhold the PII on those documents. *See* ECF No. 22-1 (*Vaughn* index) at Records 1 & 3. In other words, if Exemption 7(E) did not also apply, those records could have been produced in redacted form.

notification of applicant's asylum determination, agency's redactions did not appear to implicate any public interest at all.").

**B.  PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED**

The reasons as to why Defendants' *Vaughn* index is proper and why Exemptions 7(C) and 7(E) were properly applied are discussed above in Section IV.A. and are not repeated here.  As a threshold matter, Plaintiffs' conclusory statements that the *Vaughn* index and the Agency's search for records were insufficient (ECF No. 24-1 at 7-8) are not enough to avoid summary judgment in favor of Defendants let alone establish that Plaintiffs are entitled to summary judgment.  *See Virginia-Pilot Media Companies, LLC v. Dep't of Just.*, 147 F. Supp. 3d 437, 444 (E.D. Va. 2015) ("A party must provide more than conclusory statements in opposing a motion for summary judgment in a FOIA action.  A plaintiff pursuing a FOIA action must establish that either: (1) the *Vaughn* index does not establish that the documents were properly withheld; (2) the agency has improperly claimed an exemption as a matter of law; or (3) the agency has failed to segregate and disclose all nonexempt material in the requested documents.") (cleaned up).  As explained in more detail below, Plaintiffs' complaint has nothing to do with the search process or the information provided for the records on the *Vaughn* index.  Rather, Plaintiffs complain about the absence of records that simply do not exist.

**1.  THE RECORDS PLAINTIFFS COMPLAIN USCIS DID NOT PRODUCE DO NOT EXIST IN THE AGENCY'S FILES**

Plaintiffs' Motion is based almost entirely on the false premise that the Agency both (1) withheld records that should have been produced and (2) did not list such records in its *Vaughn* index.  *See, e.g.*, ECF No 24-1 at 16 (accusing Defendants of acting in bad faith "as reflected by … the absence of virtually all the requested records from the *Vaughn* Index"); *id.* at 14 ("Most notably, Defendants did not include documents in the *Vaughn* Index despite being specifically

16

requested in the original FOIA request.").  The reality, however, is simply that, to the extent the various items Plaintiffs seek exist at all, they were not found in the files the Agency reviewed.

Plaintiffs describe the information they ultimately sought in the FOIA request as follows in their Motion: "Plaintiffs want to know … how the U.S. Government could conclude that Steve Wigginton had no victims besides his company AI."  ECF No. 24-1 at 12.  But Plaintiffs concede that they do not know USCIS to be the source of such information: "Someone, either Defendants, the EDNY USAO, the U.S. Department of Justice, or another federal agency, concluded before the February 27, 2018 Criminal Cause Hearing in *USA v. Wigginton* that Plaintiff Yadav was not a victim, but a participant, of Steve Wigginton's visa fraud[.]"  *Id.*  USCIS's FOIA office cannot search the records of the United States Attorney's Office for the Eastern District of New York.  It cannot search the records of the Department of Justice or any other federal agency.  In other words, while Plaintiffs may be disappointed their FOIA request to USCIS did not turn up the information they sought, USCIS's FOIA/PA Unit is not empowered to conduct the federal government-wide fishing expedition that Plaintiffs contemplate.

Plaintiffs falsely state that "Defendants limited the *Vaughn* Index to the last item requested by Plaintiffs: 'notes from criminal investigators determining that (a) Hari Ram Yadav was not duped or misled by Steve Wigginton and (b) Hari Ram Yadav specifically sought out Steve Wigginton to fraudulently obtain a visa to the U.S.'"  ECF No. 24-1 at 10.  Defendants did not limit the *Vaughn* index at all.  Pursuant to the Court's instructions, Defendants previously filed (1) their *Vaughn* index and (2) a list of all records responsive to the FOIA request that were produced or withheld.  ECF No. 22.  The list of produced or withheld documents is the entire universe of responsive documents that were found by the Agency.  If a document (or video or audio recording)

is not on the list, that is because such a record was never located.  Specifically, the Munita

Declaration describes the requested documents that could not be located:

> No video or audio of any USCIS interview with Plaintiff Yadav was located. No
> statement made by Plaintiff Yadav to a Consular Officer was located.  Consular
> Officers are employed by the United States Department of State and their records
> would be maintained by the Department of State. No copy of a Steve Wigginton
> plea agreement or copies of any Steve Wigginton testimony were located.

Munita Declaration ¶ 11.  Contrary to Plaintiffs' accusations of bad faith, the Agency attempted to

locate the requested records, but such records were not found.

Plaintiffs' disappointment in what their FOIA request unearthed likely also stems from the

amorphous nature of what they requested.  Plaintiffs' FOIA request sought records that USCIS

Immigration Service Officers ("ISOs") "relied on in I-485 denial;" "visa applications" that USCIS

officers "reviewed to allege misrepresentation in denial of I-485;" "all Steve Wigginton testimony

relied on by USCIS in I-485 denial;" and "notes from criminal investigators determining that (a)

Hari Ram Yadav was not duped or misled by Steve Wigginton and (b) Hari Ram Yadav

specifically sought out Steve Wigginton to fraudulently obtain a visa to the US."  *See* Attachment

1 (Plaintiffs' FOIA Request) (J.R.0106).[10]   The FOIA/PA Unit was not involved with any

immigration adjudication concerning Plaintiff Yadav and does not know which records USCIS

---

[10] Plaintiffs state that they "want these records to expose Defendants' unlawful actions and
overcome the procedural and substantive deprivations perpetrated against Plaintiff Yadav and
Steve Wigginton's other victims."  ECF No. 24-1 at 3.  Plaintiff Yadav's reasons for requesting
the records are irrelevant, though, as "the identity of the requesting party has no bearing on the
merits of his or her FOIA request."  *U.S. Dep't of Def. v. Fed. Lab. Rels. Auth.*, 510 U.S. 487, 496,
(1994) (citation omitted).  While Plaintiffs seem to conflate the requirements of FOIA with those
of civil discovery, as the Supreme Court has noted, "[t]he primary purpose of the FOIA was not to
benefit private litigants or to serve as a substitute for civil discovery."  *Baldrige v. Shapiro*, 455
U.S. 345, 360 n.14 (1982).  Further, the regulation Plaintiffs repeatedly cite – 8 C.F.R. §
103.2(b)(16) – is an implementing regulation of the Immigration and Nationality Act (INA), 8
U.S.C. § 1101 *et seq.*, and thus not relevant in this FOIA action.  The DHS FOIA regulation at 6
C.F.R. Part 5 is the sole applicable regulation in this FOIA case.

ISOs "relied on," when they adjudicated Plaintiff Yadav's immigration benefits applications, or which visa applications they "reviewed," or which records were used by "criminal investigators" to determine that Plaintiff Yadav "was not duped or misled by Steve Wigginton." Munita Declaration ¶ 12. The FOIA does not require, for example, that the USCIS FOIA/PA Unit interview the ISOs and any other federal law enforcement officers involved in the underlying immigration adjudications to determine which evidence was deemed material to ISOs who made any adjudicative determinations on Plaintiff Yadav's application for immigration benefits.[11] *See Assassination Archives & Rsch. Ctr., Inc. v. C.I.A.*, 720 F. Supp. 217, 219 (D.D.C. 1989), *aff'd,* No. 89-5414, 1990 WL 123924 (D.C. Cir. Aug. 13, 1990) ("FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters."); *Bloeser v. U.S. Dep't of Just.*, 811 F. Supp. 2d 316, 321 (D.D.C. 2011) ("Because 'FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters,' 'it is the requester's responsibility to frame requests with sufficient particularity to ... enable the searching agency to determine precisely what records are being requested.'") (citations omitted). Rather, the FOIA requires that the Agency search for and produce records that are responsive to a FOIA request, which is exactly what the USCIS FOIA/PA Unit did here.

### 2.  Plaintiffs' Accusations of Bad Faith Are Baseless

At several points in their memorandum, Plaintiffs "reluctantly" accuse Defendants of acting in bad faith. Each of these characterizations of Defendants' actions is completely baseless.

---

[11]  The USCIS FOIA/PA Unit does not have the staffing and resources to conduct such an investigation prior to responding to a FOIA request. In fiscal year 2021, USCIS received 9.1 million applications and petitions seeking immigration benefits. *See* 2021 USCIS Statistical Annual Report, available at https://www.uscis.gov/sites/default/files/document/reports/2021%20USCIS%20Statistical%20Annual%20Report.pdf [accessed October 4, 2022].

First, as discussed in Section IV.B.1. above, "the absence of virtually all the requested records from the *Vaughn* Index" (ECF No. 24-1 at 16) is not evidence of bad faith. Instead, the absence of such records in the *Vaughn* index or production merely reflects the fact that those records were never located in the Agency's files. Plaintiffs also argue that "the release of records never requested" (*id.*) shows that Defendants acted in bad faith, but Plaintiffs do not say which records they believe should not have been released or suggest how they may have been prejudiced by the Agency releasing *too much* information.

Second, Plaintiffs assert that "[t]he decision by Defendants to file the *Vaughn* Index without any affidavit in explanation of the search results substantiates Plaintiffs' claim of bad faith[.]" ECF No. 24-1 at 17. This argument is premature if not completely specious. As is customary in FOIA litigation, Defendants are submitting the Agency declaration along with their motion for summary judgment. As Plaintiffs are well aware, the reason the *Vaughn* index was filed in advance of the cross-motions for summary judgment is that the Court instructed Defendants to file it in advance. ECF No. 21 (Scheduling Order dated July 28, 2022).

Third, Plaintiffs' argument that the Agency is acting in bad faith by claiming certain records do not exist makes little sense. *See* ECF No. 24-1 at 17-18 ("It is factually impossible for Defendants to claim that the outstanding records are non-existent; such a claim would contradict assertions made to Plaintiffs and to the District Court in *USA v. Wigginton*."). In this section – and throughout their entire brief – Plaintiffs' argument is seemingly supported entirely by an offhand comment by an Assistant United States Attorney for the Eastern District of New York in a hearing in which Steve Wigginton pleaded guilty. This is the exchange that Plaintiffs reference at least four times in their memorandum (ECF No. 24-1 at 2, 9, 12, and 18):

THE COURT:  … Mr. Bini, it's not clear to me from the information, but to the extent there are any identified victims of the alleged offense, have they all been notified of today's proceeding?

MR. BINI: Your Honor, after re-reading 3663 and 3663(a) and speaking to the case agent, the government does not believe there are any victims in this case and the United States –

THE COURT: Right.  Another statute that you might confer is the Crime Victim's Rights Act, which is a different statute than the ones you've cited.  And it has its own definitions, 3771. Please -- have you – have you notified anybody of today's proceeding?

MR. BINI: Your Honor, we didn't believe that the individuals met the victim's definition.  May I take a moment just to review 3771 to make sure –

THE COURT: No.  No, because if you haven't done it already you haven't done it.  You didn't notify the company, for example?

MR. BINI: The company?

THE COURT: The company.

MR. BINI: The individual was the president of the company --

THE COURT:  All right.

MR. BINI: -- so in this case, the allegation, the gravis of the indictment.

THE COURT: Okay.  All right.  I don't know if they're a victim or not, but please check the right statutes.  If there's somebody who needs to be notified, let them know in advance of the sentencing.  And let them know of today's proceeding, because if there is a victim they would have a right to be heard with respect to release.

MR. BINI: Certainly, your Honor.

THE COURT: All right.  Okay.  But just so I've got the record clear, you haven't notified anybody about today's proceeding?

MR. BINI: We didn't believe that there were any victims.

THE COURT: The answer is no, you haven't.

MR. BINI: I'm sorry, no, we haven't, your Honor.

ECF No. 24-3 at 14-15 (J.R.0014-15).  Plaintiffs fail to explain how an Assistant United States Attorney in New York believing that there were no victims who needed to be notified of a sentencing hearing somehow means that USCIS must be acting in bad faith when it does not have certain requested records in its files.

The Munita Declaration describes the reasonable steps the Agency took to search for relevant records.  "Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'"  *SafeCard Servs.,* 926 F.2d at 1200; *see also Askew v. United States*, No. CIVA 05CV200 HRW, 2006 WL 3307469, at *7 (E.D. Ky. Nov. 13, 2006) ("the Court finds that the plaintiff has not overcome the presumption of good faith attending the Vaughn Index and, thus, finds that a wholesale *in camera* inspection of the documents is not necessary.").  As courts across the country have uniformly held, groundless accusations of bad faith like those asserted by Plaintiffs are not enough to establish that an agency's search was inadequate or that it acted in bad faith.  *See, e.g.*, *Twist v. Gonzales*, 171 F. App'x 855 (D.C. Cir. 2005) ("we do not believe that the government's mere failure to locate these reports demonstrates that its search was inadequate or that it acted in bad faith."); *Mobley v. C.I.A.*, 806 F.3d 568, 582 (D.C. Cir. 2015) ("Although Mobley may believe that Argall's sworn statements are disingenuous, he has offered no basis on which this court could conclude the presumption of good faith has been overcome."); *Ford v. West*, 149 F.3d 1190 (10th Cir. 1998) (unpublished) ("'the mere allegation of bad faith' should not 'undermine the sufficiency of agency submissions.'") (quoting *Minier v. Central Intelligence Agency,* 88 F.3d 796, 803 (9th Cir.1996)).

### 3. PLAINTIFFS' APA CLAIM IS BARRED BECAUSE THE FOIA IS THE EXCLUSIVE REMEDY

Plaintiffs' Administrative Procedure Act (APA) claim fails as a matter of law because the FOIA provides for the relief sought by Plaintiffs.  In a recent case, Judge Hollander explained why an APA claim must fail when it is coextensive with a FOIA claim:

> The Government asserts that plaintiff's APA claim fails as a matter of law because the APA only provides for judicial review of agency action if "there is no other adequate remedy in a court," 5 U.S.C. § 704, and here FOIA provides for relief similar to that sought by plaintiff through his APA claim. ECF 18-1 at 7 n.3. The Government is correct.

> At its core, plaintiff's APA claim appears to be based on the IRS allegedly denying him access to pertinent tax documents. ECF 1, ¶ 81 ("The denial of Plaintiff [sic] right to inspect all documentation regarding the claim was arbitrary and capricious and contrary to the law."). It follows, then, that plaintiff's remedy would be the same under either statute—an injunction ordering the IRS to disclose the documents that plaintiff seeks. Because plaintiff's APA claim is coextensive with his FOIA claim, it cannot be said that there exists no other adequate judicial remedy.

*McKenzie-El v. Internal Revenue Serv.*, No. CV ELH-19-1956, 2020 WL 902546, at *12 (D. Md. Feb. 24, 2020), *reconsideration denied,* No. CV ELH-19-1956, 2020 WL 1285510 (D. Md. Mar. 18, 2020); *see also Cent. Platte Nat. Res. Dist. v. U.S. Dep't of Agric.*, 643 F.3d 1142, 1148 (8th Cir. 2011) ("FOIA specifically bars judicial review of an APA claim where the claimant seeks 'a court order' to produce the same documents under both FOIA and the APA."); *Rimmer v. Holder*, 700 F.3d 246, 264 (6th Cir. 2012) ("The district court properly found that FOIA provided Rimmer with an adequate remedy in court, and thus Rimmer's APA claim is barred by 5 U.S.C. § 704."); *Feinman v. F.B.I.*, 713 F. Supp. 2d 70, 76 (D.D.C. 2010) ("This Court and others have uniformly declined jurisdiction over APA claims that sought remedies made available by FOIA."); *Walsh v. U.S. Dep't of Veterans Affs.*, 400 F.3d 535, 538 (7th Cir. 2005) ("And here, the FOIA provides an adequate remedy. Under either statute, Walsh's remedy would be what he has already received— a court order requiring total compliance with his request. Thus, the APA does not provide an

alternate means for Walsh to keep his suit alive.").  Because the remedy Plaintiffs seek is available through their FOIA claim, the APA claim should be dismissed.

## V.    <u>**CONCLUSION**</u>

For the reasons set forth above, the Court should grant Defendants' Motion and deny Plaintiffs' Motion.

Respectfully submitted,

Erek L. Barron
United States Attorney

_____/s/_____
Matthew T. Shea
Assistant United States Attorney
36 S. Charles St., 4th Fl.
Baltimore, Maryland 21201
Matthew.Shea2@usdoj.gov

*Counsel for Defendants*