**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| HARI RAM YADAV, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 22-cv-00420-LKG |
| v. | ) | |
| | ) | Dated:  September 1, 2023 |
| U.S. CITIZENSHIP & IMMIGRATION SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<u>MEMORANDUM OPINION</u>**

## I.      INTRODUCTION

In this civil action, Plaintiffs, Hari Ram Yadav and Adam J. Rosen, challenge the United States Citizenship and Immigration Services' ("USCIS") response to Mr. Rosen's Freedom of Information Act ("FOIA") request, pursuant to FOIA, 5 U.S.C. § 552 and the Administrative Procedure Act ("APA").  *See generally*, ECF No. 1.  The parties have filed cross-motions for summary judgment on the adequacy of the USCIS's search for, and production of, responsive records, pursuant to Fed. R. Civ. P. 56.  ECF Nos. 24 and 27.  The motions are fully briefed.  ECF Nos. 24, 27, 28, 29 and 31.  No hearing is necessary to resolve the motions.  *See* L.R. 105.6.  For the reasons that follow, the Court (1) **DENIES** the Plaintiffs' motion for summary judgment; (2) **GRANTS** the Defendants' cross-motion for summary judgment; and (3) **DISMISSES** the complaint.

II.     **FACTUAL AND PROCEDURAL BACKGROUND**[1]

A.     **Factual Background**

In this civil action, Plaintiffs, Hari Ram Yadav and his attorney, Adam J. Rosen, challenge the USCIS's response to Mr. Rosen's FOIA request seeking records related to the denial of Mr. Yadav's application to adjust to permanent resident status ("I-485 Application"). *See generally*, ECF No. 1.  Plaintiffs allege that the USCIS and its Director, Ur Jaddou, failed to timely respond to Mr. Rosen's FOIA request and improperly withheld certain documents responsive to that request, in violation of the FOIA and the APA.  *Id.* at ¶¶ 33-38.  In the complaint, Plaintiffs assert claims under FOIA (Count I) and the APA (Count II).  *Id.* As relief, Plaintiffs seek the expedited processing and release of the records that Mr. Rosen has requested from the USCIS.  *See id.* at ¶ 1.

<u>Mr. Yadav's I-485 Application</u>

As background, on November 26, 2019, Mr. Yadav filed a form I-485 Application.  *Id.* at ¶ 11.  On April 9, 2021, the USCIS issued a notice of intent to deny Mr. Yadav's application, because of allegations that Mr. Yadav misrepresented or concealed the fact that he was named as a participant in a fraud scheme with his prior employer—Accelerated Innovators, Inc.  *Id.* at ¶¶ 12, 16; *see* ECF No. 1-2 at 3.  On September 23, 2021, the USCIS issued a decision denying Mr. Yadav's I-485 Application.  ECF No. 1 at ¶ 16; *see* ECF No. 1-3 at 2.

<u>Mr. Rosen's FOIA Request</u>

On October 8, 2021, Mr. Rosen filed a FOIA request with USCIS seeking records used by the USCIS in adjudicating Mr. Yadav's I-485 Application.  ECF No. 1 at ¶¶ 21-22; *see also* ECF No. 1-4 at 14-17; ECF No. 27-2, Munita Decl. at Attachment 1.  This FOIA request sought the following records:

> [C]opy of the statement given under oath to Consular Officer that USCIS relied on in I-485 denial, copy of the subsequent visa application that USCIS officer reviewed to allege misrepresentation in denial of I-485, copy of USCIS officer notes from and related to 06/23/2021 interview of Hari Ram Yadav, copy of any video and/or audio recording from 06/23/2021

---

[1] The facts recited in this memorandum opinion are taken from the complaint; Plaintiffs' motion for summary judgment; Defendants' cross-motion for summary judgment; and the memoranda in support thereof.  ECF Nos. 1, 24, 24-1, 27, 27-1.

interview at USCIS, copy of Steve Wigginton plea agreement and all Steve Wigginton testimony relied on by USCIS in I-485 denial, notes from criminal investigators determining that (a) Hari Ram Yadav was not duped or misled by Steve Wigginton and (b) Hari Ram Yadav specifically sought out Steve Wigginton to fraudulently obtain a visa to the US. [2]

ECF No. 1 at ¶ 22; *see also* ECF No. 1-4 at 14-17; ECF No. 27-2, Munita Decl. at Attachment 1. On October 14, 2011, the USCIS Freedom of Information and Privacy Act ("FOIA/PA") Unit acknowledged the FOIA request and informed Mr. Rosen that his FOIA request had been assigned and that USCIS would invoke a 10-day extension to process the FOIA request. ECF No. 27-2, Munita Decl. at ¶ 8; *see also id.* at Attachment 2.

<u>The USCIS's Search For Records</u>

Thereafter, the USCIS FOIA/PA Unit staff commenced a search for responsive records on October 14, 2021. ECF No. 27-2, Munita Decl. at ¶ 9. In conducting this search, the USCIS FOIA/PA Unit entered Mr. Yadav's alien file number into the USCIS RAILS Alien file ("A-file") tracking database. *Id.* at ¶ 9. This query allowed the USCIS FOIA/PA Unit to ascertain the location of Mr. Yadav's immigration records, which are maintained in his A-file. *Id.* at ¶ 10. For any responsive records that are located, the USCIS FOIA/PA Unit staff would retrieve and scan the responsive records into the USCIS's FOIA Immigration Records System ("FIRST") for review and processing. *Id.*

The USCIS FOIA/PA Unit's search did not locate: (1) any video or audio files recording Mr. Yadav's interview with USCIS; (2) any statement made by Mr. Yadav to a Consular Officer; (3) a copy of Steve Wigginton's plea agreement; or (4) copies of any testimony of Mr. Wigginton. ECF No. 27-2, Munita Decl. at ¶ 11. After completing its search and review of the records located during the search, the USCIS identified 140 pages that were responsive to the FOIA request. *See* ECF No. 27-2, Munita Decl. at Attachment 3. The USCIS also determined that three pages in part, and 23 pages in full, should be withheld, pursuant to FOIA Exemptions 7(C) and 7(E). *Id.*; ECF No. 27-2, Munita Decl. at ¶ 13.

In this regard, the USCIS withheld certain records or information, that the agency

---

[2] Steve Wigginton was the President of Accelerated Innovators, Inc., Mr. Yadav's former employer. *See* ECF No. 1 at ¶ 16; ECF No. 24-3 at 5:23. Mr. Wigginton plead guilty to visa fraud conspiracy on February 27, 2018. *See generally*, ECF No. 24-3.

maintains would disclose the techniques and procedures for law enforcement investigations or prosecutions, pursuant to FOIA Exemption 7(E).  ECF No. 22-1 at Record Nos. 1-4.  In particular, the USCIS withheld the following records under FOIA Exemption 7(E): (1) five internal emails, sent between June 23, 2021, and August 30, 2021, between USCIS immigration officers that discuss potential immigration fraud related to an employer sponsored non-immigrant worker visa (H-1B) that was submitted to USCIS on behalf of Mr. Yadav; (2) partially redacted law enforcement information from the Federal Bureau of Investigation ("FBI") Fingerprint and FBI Name Check database query screen-prints, which contain law enforcement data on Mr. Yadav derived from various law enforcement sources; (3) a USCIS Fraud Detection and National Security office (FDNS) record of investigation and findings concerning an immigration fraud investigation related to Mr. Yadav, including handwritten notes by an FDNS immigration officer and the results of TECS and other law enforcement information database queries conducted on Mr. Yadav; and (4) partially redacted a copy of a TECS Record of Inquiry ("ROIT") that recorded TECS database checks conducted on Mr. Yadav and others, such as sponsors, that appear in Mr. Yadav's immigration record. [3]  *See id.*

Pursuant to FOIA Exemption 7(C), the USCIS also withheld certain personal information, which the agency maintains could reasonably be expected to constitute an unwarranted invasion of personal privacy.  *Id.* at Record Nos. 1, 3 and 4.  Specifically, the USCIS withheld the following records under FOIA Exemption 7(C): (1) the personally identifiable information (PII), including immigration officer names, email addresses, and phone numbers, from the five aforementioned USCIS internal emails; (2) the PII of USCIS immigration and other federal law enforcement officers contained in the FDNS record of investigation and findings concerning an immigration fraud investigation related to Mr. Yadav; and (3) the PII of USCIS immigration and other federal law enforcement officers from the copy of the TECS ROIT.  *See id.*  And so, on November 11, 2021, the USCIS produced 114 pages of documents in their entirety to Mr. Rosen, and the agency notified Mr. Rosen that 23 other pages were being

---

[3] FDNS is a law enforcement arm of USCIS and is responsible for investigating immigration fraud and national security concerns that arise during USCIS immigration adjudications.  ECF No. 22-1 at Record 3 & n. 5.  TECS is a federal law enforcement computer-based system owned and operated by the Department of Homeland Security, Customs and Border Protection (CBP) component used for law enforcement, inspection, intelligence-gathering, and operational records.  *Id.* at n. 4.

withheld from disclosure in full, and three pages were being withheld from disclosure in part, pursuant to FOIA Exemptions 7(C) and 7(E).  ECF No. 1 at ¶ 25; *see* ECF No. 27-2, Munita Decl. at ¶ 13; *see also id.* at Attachment 3.

On November 30, 2021, Mr. Rosen appealed the USCIS's FOIA response, challenging the scope of the agency's search and the application of FOIA Exemptions 7(C) and 7(E).  ECF No. 1 at ¶¶ 26-27; ECF No. 27-2, Munita Decl. at ¶ 15; *see also id.* at Attachment 4.   On December 27, 2021, the USCIS informed Mr. Rosen that his FOIA request was being remanded to the USCIS's National Records Center ("NRC") to conduct a further search for responsive records.  ECF No. 1 at ¶ 28; ECF No. 27-2, Munita Decl.  at ¶ 16; *see also id.* at Attachment 5.

During this supplemental search, the USCIS FOIA/PA Unit identified a series of receipt files maintained by USCIS that correspond to Mr. Yadav.  ECF No. 27-2, Munita Decl. at ¶ 16. Receipt files are temporary files maintained by USCIS that contain individual immigration records, such as visa petitions and applications.  *Id.*  And so, the NRC conducted an additional search of the receipt files pertaining to Mr. Yadav to locate any responsive records.  *Id.*

Plaintiffs commenced this action on February 19, 2022, before the USCIS FOIA/PA Unit completed its supplemental search.  *See* ECF No. 1.  The USCIS FOIA/PA Unit, nonetheless, continued its supplemental search and located four Form I-129 petitions for a non-immigrant worker visa that were submitted on behalf of Mr. Yadav.  ECF No. 27-2, Munita Decl. at ¶ 16. And so, the USCIS produced copies of these visa petitions to Plaintiffs on August 30, 2022.  *Id.*; *see also* ECF No. 22-2 at Record No. 21.

## B.    Procedural Background

Plaintiffs commenced this action on February 19, 2022.  ECF No. 1.  On September 1, 2022, Defendants filed the *Vaughn* index and a list of the responsive documents produced or withheld in response to Mr. Rosen's FOIA request.  ECF Nos. 22-1, 22-2.

On September 23, 2022, Plaintiffs filed a motion for summary judgment and memorandum in support thereof.  ECF Nos. 24, 24-1.  On November 14, 2022, Defendants filed a cross-motion for summary judgment, a response in opposition to Plaintiffs' motion for summary judgment and a memorandum in support thereof.  ECF Nos. 27, 27-1.

On December 5, 2022, Plaintiffs filed a reply in support of their motion for summary judgment and a response in opposition to Defendants' cross-motion for summary judgment. ECF Nos. 28, 29.  On December 23, 2022, Defendants filed a reply in support of their cross-motion for summary judgement.  ECF No. 31.

The parties' cross-motions for summary judgment having been fully briefed, the Court resolves the pending motions.

## III.   LEGAL STANDARDS

### A.    Fed. R. Civ. P.  56

A motion for summary judgment filed, pursuant to Fed. R. Civ. P. 56, will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  And so, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co., Ltd.*, 601 F.2d 139, 141 (4th Cir. 1979).

When ruling on a motion for summary judgment, the Court must construe the facts alleged in the light most favorable to the party opposing the motion.  *See United States v. Diebold*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co*., 773 F.2d 592, 595 (4th Cir. 1985).  In this regard, the moving party bears the burden of showing that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Catawba Indian Tribe of S.C. v. State of S.C.*, 978 F.2d 1334, 1339 (4th Cir. 1992), *cert. denied,* 507 U.S. 972 (1993).  But, a party who bears the burden of proof on a particular claim must also factually support each element of his or her claim.  *See Celotex Corp.*, 477 U.S. at 322-23.  Given this, "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial."  *Id.* at 323.  And so, on those issues on which the nonmoving party will have the burden of proof, it is the nonmoving party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial.  *See Anderson*, 477 U.S. at 256.

6

In this regard, the United States Court of Appeals for the Fourth Circuit has held that, "[a] mere scintilla of evidence in support of the nonmovant's position will not defeat a motion for summary judgment." *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 536 (4th Cir. 1997). And so, there must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted). When faced with cross-motions for summary judgment, the Court must review each motion separately on its own merits "to determine whether either of the parties deserves judgment as a matter of law." *Rossignol v. Voorhaar*, 316 F.3d 516 (4th Cir. 2003) (quoting *Philip Morris, Inc. v. Harshbarger*, 122 F.3d 58, 62 n. 4 (1st Cir.1997) (citation and internal punctuation omitted). When considering each individual motion, the Court must take care to "resolve all factual disputes and any competing, rational inferences in the light most favorable" to the party opposing that motion. *See Wightman v. Springfield Terminal Ry. Co.,* 100 F.3d 228, 230 (1st Cir. 1996).

### B.     The Freedom Of Information Act

The Freedom of Information Act provides that, subject to certain exceptions, a federal agency, "upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . ., shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). In enacting FOIA, Congress created "a policy of broad disclosure of Government documents in order to ensure an informed citizenry, vital to a functioning democratic society." *Fed. Bureau of Investigations v. Abramson*, 456 U.S. 615, 621 (1982) (internal quotation marks omitted); *see also Ethyl Corp. v. EPA*, 25 F.3d 1241, 1245 (4th Cir. 1994) (FOIA "was enacted to maintain an open government and to ensure the existence of an informed citizenry."). To that end, FOIA "is to be construed broadly to provide information to the public in accordance with its purposes." *Ethyl Corp.*, 25 F.3d at 1245. Nonetheless, the statute contains nine exemptions to disclosure that are designed to safeguard various public interests against the harms that would arise from overbroad disclosure. *Am. Mgmt. Servs. v. Dep't of the Army*, 703 F.3d 724, 728-29 (4th Cir. 2013) (internal citations omitted).

An agency responding to a FOIA request must make a "good faith effort to conduct a search . . . using methods which can be reasonably expected to produce the information requested." *Manivannan v. Dep't of Energy, Nat'l Energy Tech. Lab.*, 843 F. App'x 481, 483

(4th Cir. 2021) (internal quotation marks omitted).  In this regard, FOIA cases are generally resolved on summary judgment.  *See Am. Mgmt. Servs.*, 703 F.3d at 735; *Moore v. United States*, No. 1:13-cv-02353, 2014 WL 2575765, at *2 (D. Md. June 6, 2014).  Given this, the Fourth Circuit has held that an agency can show that it made a good faith effort to conduct a search for responsive records, using methods which can be reasonably expected to produce the information requested, by using "reasonably detailed, nonconclusory affidavits and declarations submitted in good faith."  *See Freeman v. U.S. Dep't of Just.*, 808 F.2d 834, 1986 WL 18310, at *2 (4th Cir. 1986) (unpublished table decision).

Courts have also held that an agency's FOIA affidavits and declarations are "accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'"  *SafeCard Servs. v. S.E.C.*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)).  And so, a FOIA plaintiff's belief, without more, "that there are other documents he is entitled to . . . is inadequate to withstand a motion for summary judgment."  *Heily v. U.S. Dep't of Commerce*, 69 F. App'x 171, 174 (4th Cir. 2003).

The Fourth Circuit has also recognized that district courts are often called upon to determine whether records "were properly withheld under a FOIA exemption provision."  *Willard v. Internal Revenue Serv.*, 776 F.2d 100, 102 (4th Cir. 1985) (citing 5 U.S.C. § 552(a)(4)(B)).  In doing so, the Court directs its inquiry at the "information requested and the exemptions claimed."  *Bowers v. Dep't of Justice*, 930 F.2d 350, 357 (4th Cir. 1991).  And so, the agency refusing to release the information bears the burden of demonstrating that "its actions were correct" and the exemptions "are narrowly construed in favor of disclosure."  *Willard*, 776 F.2d at 102; *see also Am. Mgmt. Servs.*, 703 F.3d at 729 (quoting *Hunton & Williams v. Dep't of Justice*, 590 F.3d 272, 276 (4th Cir. 2010)).

The agency can meet this burden by "describing the withheld material with reasonable specificity and explaining how it falls under one of the enumerated exemptions."  *Hanson v. U.S. Agency for Int'l Dev.*, 372 F.3d 286, 290 (4th Cir. 2004)).  The Court should give "substantial weight to the expertise of the agencies charged with determining what information the government may properly release."  *Bowers*, 930 F.2d at 357.  "If there is no reason to question the credibility of the experts and the plaintiff makes no showing in response to that of the

government, a court should hesitate to substitute its judgment of the sensitivity of the information for that of the agency." *Id.*  Given this, "[t]he court is entitled to accept the credibility of the [agency's] affidavits, so long as it has no reason to question the good faith of the agency." *Id.*; *see also Havemann v. Astrue*, No. 10-cv-01498-ELH, 2012 WL 4378143, at *4 (D. Md. Sept. 24, 2012) ("No deference is owed to the agency's determination to withhold records[,] [but] affidavits submitted by an agency are entitled to 'a presumption of good faith.'"). And so, summary judgment in favor of the Government is appropriate where the agency's declarations "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Am. Mgmt. Servs. v. Dep't of the Army*, 842 F. Supp. 2d 859, 866 (E.D. Va. 2012) (quoting *Hanson*, 372 F.3d at 290).

## IV.   LEGAL ANALYSIS

The parties have filed cross-motions for summary judgment on the adequacy of the USCIS's search for records responsive to Mr. Rosen's FOIA request and the propriety of the USCIS's decision to withhold certain information pursuant to FOIA Exemptions 7(C) and 7(E).

In this regard, Plaintiffs argue that they are entitled to summary judgment in their favor, because: (1) the USCIS's search for records was inadequate and untimely; (2) FOIA Exemptions 7(C) and 7(E) do not apply to the requested records, because the USCIS is not a law enforcement agency; (4) the Government's *Vaughn* index lacks sufficient detail for Plaintiffs to assess the propriety of the USCIS's application of FOIA Exemptions 7(C) and 7(E); (4) the public interest in disclosure outweighs the privacy interests under these exemptions; (5) an *in camera* review of the records at issue is needed to remedy to the USCIS's bad faith in responding to the subject FOIA request; and (6) the USCIS's failure to release all responsive records violates the APA. *See generally*, ECF No. 24-1.

Defendants counter that they are entitled to summary judgment in their favor in this case, because: (1) the USCIS conducted an adequate search for records responsive to the subject FOIA request; (2) the USCIS properly asserted FOIA Exemptions 7(C) and 7(E) in this case; (3) the records that Plaintiffs argue have not been produced by the USCIS do not exist in the agency's files; (4) Plaintiffs' bad faith claims lack merit; and (5) Plaintiffs' APA claim is barred, because

FOIA provides their exclusive remedy in this case.  ECF No. 27-1 at 16-23.  And so, the Defendants request that the Court deny Plaintiffs' motion for summary judgment and grant their cross-motion for summary judgment.  *Id.* at 24.

For the reasons that follow, the undisputed material facts in this case show that Plaintiffs may not pursue their APA claim in this case, because the exclusive remedy for the relief that they seek is provided by FOIA.  The undisputed material facts also show that the USCIS made a good faith effort to conduct a search for records responsive to the subject FOIA request, using methods which can be reasonably expected to produce the information requested.  In addition, the undisputed material facts show that the USCIS properly asserted FOIA Exemptions 7(C) and 7(E) with regard to the law enforcement records that have been withheld in whole, or in part, by the agency.  And so, the Court (1) DENIES Plaintiffs' motion for summary judgment; (2) GRANTS Defendants' cross-motion for summary judgment; and (3) DISMISSES the complaint.

## A.      Dismissal Of Plaintiffs' APA Claim Is Warranted

As an initial matter, Defendants persuasively argue that Plaintiffs may not pursue their APA claim in this case, because the exclusive remedy for the relief that Plaintiffs seek is provided by FOIA.  ECF No. 27-1 at 23-24.

In Count II of the complaint, Plaintiffs allege that Defendants violated the APA by failing to timely provide the documents responsive to Mr. Rosen's FOIA request.  ECF No. 1 at ¶ 38 ("Defendants' failure to timely respond to Plaintiffs' requests for the timely production of documents constitutes agency action unlawfully withheld and unreasonably delayed.").  And so, Plaintiffs seek an order requiring Defendants "to conduct a reasonable and adequate search for the requested information" and to "produce forthwith any and all non-exempt information responsive to Plaintiffs' FOIA request."  *Id.* at Prayer for Relief.

The Court agrees with Defendants that the exclusive remedy for the relief that Plaintiffs seek in this case is provided by FOIA.  As this Court has previously recognized within the context of a FOIA litigation, "the APA only provides for judicial review of agency action if 'there is no other adequate remedy in a court[.]'"  *McKenzie-El v. Internal Revenue Serv.*, No. CV ELH-19-1956, 2020 WL 902546, at *12 (D. Md. Feb. 24, 2020), *reconsideration denied*, No. CV ELH-19-1956, 2020 WL 1285510 (D. Md. Mar. 18, 2020); *see also* 5 U.S.C. § 704.  In this case, FOIA provides for the relief sought by Plaintiffs through their APA claim.  *Id.* §

552(a)(3)(A) (Subject to certain exceptions, a federal agency, "upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . shall make the records promptly available to any person."). Notably, the remedy that Plaintiffs seek for both their FOIA and APA claims is for USCIS "to conduct a reasonable and adequate search for the requested information" and to "produce forthwith any and all non-exempt information responsive to Plaintiffs' FOIA request." ECF No. 1 at Prayer for Relief. Given this, Plaintiffs' remedy in this case would be the same under either FOIA or the APA—an injunction ordering the USCIS to conduct a reasonable and adequate search for records and to produce the non-exempt responsive records that Plaintiffs seek.

Plaintiff's APA claim in this action is, therefore, coextensive with their FOIA claim. Given this, it is not the case here that "there exists no other adequate judicial remedy" for Plaintiffs, as required for Plaintiffs to pursue a claim under the APA. And so, the Court must DISMISS Plaintiff's APA claim as set forth in Count II of the complaint.

### B.    The USCIS Has Shown That The Agency Made A Good Faith Effort To Conduct A Search For Responsive Records

Turning to the merits of Plaintiffs' FOIA claim, the undisputed material facts in this case show that the USCIS made a good faith effort to conduct a search for records responsive to Mr. Rosen's FOIA request, using methods which can be reasonably expected to produce the information requested.

The Fourth Circuit has held that an agency responding to a FOIA request must make a "good faith effort to conduct a search . . . using methods which can be reasonably expected to produce the information requested." *Manivannan*, 843 F. App'x at 483. An agency can show that it made such a good faith effort, by using "reasonably detailed, nonconclusory affidavits and declarations submitted in good faith." *Freeman*, 1986 WL 18310, at *2.

In this regard, the agency's FOIA affidavits and declarations are "accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs.*, 926 F.2d at 1200 (quoting *Ground Saucer Watch, Inc.*, 692 F.2d at 771). And so, Plaintiffs' belief, without more, "that there are other documents [they are] entitled to . . . is inadequate to withstand a motion for summary judgment." *Heily*, 69 F. App'x at 174.

In this case, the undisputed material facts show that the USCIS made a good faith effort to conduct a search for responsive records for several reasons. First, the evidence before the Court shows that the USCIS made a good faith effort to timely respond to Mr. Rosen's FOIA request. It is undisputed that, on October 8, 2021, Mr. Rosen filed a FOIA request with USCIS seeking records used by the USCIS in adjudicating Mr. Yadav's Form I-485 Application. ECF No. 1 at ¶¶ 21-22; *see also* ECF No. 1-4 at 14-17; ECF No. 27-2, Munita Decl. at Attachment 1. It is also undisputed that this FOIA request sought the following records:

> [C]opy of the statement given under oath to Consular Officer that USCIS relied on in I-485 denial, copy of the subsequent visa application that USCIS officer reviewed to allege misrepresentation in denial of I-485, copy of USCIS officer notes from and related to 06/23/2021 interview of Hari Ram Yadav, copy of any video and/or audio recording from 06/23/2021 interview at USCIS, copy of Steve Wigginton plea agreement and all Steve Wigginton testimony relied on by USCIS in I-485 denial, notes from criminal investigators determining that (a) Hari Ram Yadav was not duped or misled by Steve Wigginton and (b) Hari Ram Yadav specifically sought out Steve Wigginton to fraudulently obtain a visa to the US.

ECF No. 1 at ¶ 22; *see also* ECF No. 1-4 at 14-17; ECF No. 27-2, Munita Decl. at Attachment 1. And so, these undisputed facts show that the records sought by Mr. Rosen generally pertain to information that the USCIS relied upon in denying Mr. Yadav's I-485 Application.

The undisputed material facts also show that the USCIS timely acknowledged Mr. Rosen's FOIA request. It is undisputed that, on October 14, 2011, six days after receiving Mr. Rosen's FOIA request, the USCIS's FOIA/PA Unit acknowledged the request in a letter to Mr. Rosen, which also informed Mr. Rosen that his FOIA request had been assigned and that the USCIS would invoke a 10-day extension to process the FOIA request. ECF No. 27-2, Munita Decl. at ¶ 8; *see also id.* at Attachment 2. And so, the evidence before the Court shows that the USCIS provided a timely acknowledgement of Mr. Rosen's FOIA request and notification of the agency's need to invoke a 10-day extension to process his FOIA request.

The unrebutted evidence in this case similarly shows that the USCIS used methods which can be reasonably expected to produce the information requested by Mr. Rosen. As discussed above, Mr. Rosen's FOIA request sought records that the USCIS relied upon in denying Mr. Yadav's I-485 Application. The Defendants have provided the Declaration of Cynthia Munita, the USCIS's Associate Center Director and Chief Officer in the agency's FOIA/PA Unit, which

describes, among other things, the search methods employed by the USCIS to locate such records.  ECF No. 27-2, Munita Decl.

Ms. Munita states in her Declaration that the USCIS FOIA/PA Unit searched the USCIS RAILS A-file tracking database for Mr. Yadav's alien file number, because this database is the official record system for information regarding the transactions of an individual as he or she passes through the United States immigration process.  *See id.* at ¶ 9.  Ms. Munita also explains that the query of this database allowed the USCIS FOIA/PA Unit to locate Mr. Yadav's immigration records, which are maintained in his A-file.  *Id.* at ¶ 10.

In this regard, Ms. Munita further states that, after locating any responsive records, the USCIS FOIA/PA Unit staff then retrieved and scanned the responsive records into the USCIS's FOIA Immigration Records System for review and processing.  *Id.*  Upon review of the records, the USCIS identified 140 pages that were responsive to Mr. Rosen's request and determined that three pages in part, and 23 pages in full, should be withheld, pursuant to the law enforcement records FOIA Exemptions 7(C) and 7(E).  *Id.* at ¶ 13; *see id.* at Attachment 3.  And so, the USCIS provided the non-exempt responsive records located by the agency to Mr. Rosen on November 11, 2021, approximately 34 days after the USCIS received the subject FOIA request.  *Id.*; ECF No. 1 at ¶ 25.

These undisputed material facts show that the USCIS used methods which can be reasonably expected to produce the information requested by Mr. Rosen.  As discussed above, Ms. Munita explains in her Declaration that the RAILS A-file tracking database is the official record system for information regarding the transactions of an individual as the individual passes through the United States immigration process.  ECF No. 27-2, Munita Decl. at ¶ 9.  As also discussed above, Mr. Rosen's FOIA request sought records pertaining to the denial of Mr. Yadav's I-485 Application to register a permanent residence or adjust immigration status.  And so, the evidence before the Court shows that the agency's search of this database allowed the USCIS FOIA/PA Unit's to successfully locate Mr. Yadav's immigration records.  *Id.* at ¶ 10.

The evidence before the Court also shows that the USCIS conducted a supplemental search for records that yielded additional responsive documents.  In this regard, it is undisputed that, following Mr. Rosen's FOIA appeal, the USCIS NRC conducted a supplemental search of certain receipt files that were identified by the USCIS FOIA/PA Unit as corresponding to Mr.

Yadav.  ECF No. 1 at ¶ 28; ECF No. 27-2, Munita Decl. at ¶ 16; *see also id.* at Attachment 5. Ms. Munita explains in her Declaration that, during this supplemental search, the agency searched its receipt files because the receipt files contain immigration records such as visa applications and petitions.  *See* ECF No. 27-2, Munita Decl. at ¶ 16.

It is undisputed that this supplemental search yielded four Form I-129 petitions for a non-immigrant worker visa that were submitted on behalf of Mr. Yadav.  *Id.*  And so, these additional records were produced to Plaintiffs on August 30, 2022.  *Id.*; *see also* ECF No. 22-2 at Record No. 21.

Plaintiffs' arguments to show that the USCIS's search in this matter was inadequate and conducted in bad faith are unpersuasive.  Plaintiffs first argue that the USCIS's search was inadequate, because the agency's response to the subject FOIA request was untimely.  *See* ECF No. 24-1 at 9-10.  But, Plaintiffs do not identify any aspect of the USCIS's *search methodology* as being inadequate or flawed.  *See id.*; *Hornbostel v. U.S. Dep't of Interior*, 305 F. Supp. 2d 21, 28 (D.D.C. 2003), *as amended* (Feb. 18, 2004), *aff'd*, No. 03-5257, 2004 WL 1900562 (D.C. Cir. Aug. 25, 2004) (citing *Landmark Legal Foundation v. E.P.A.*, 272 F.Supp.2d 59, 62–63 (D.D.C.2003) ("[A] lack of timeliness does not preclude summary judgment for an agency in a FOIA case. The only question for summary judgment is whether the agency finally conducted a reasonable search, and whether its withholdings are justified. When exactly a reasonable search was conducted is irrelevant.").

While Plaintiffs correctly observe that the USCIS produced additional responsive records on August 30, 2022, following Mr. Rosen's FOIA appeal, this fact, alone, does not establish that the agency's initial search for records was not made in good faith.  *See Hornbostel*, 305 F. Supp. 2d at 28 ("This Court has concluded that the search conducted by defendant was reasonable and, as such, defendant's lack of timeliness will not preclude summary judgment in its favor.").

Plaintiffs' argument that the USCIS conducted its search in bad faith, because they believe that the USCIS records substantiating the agency's denial of Mr. Yadav's I-485 Application must exist, is also unavailing.  *See* ECF No. 24-1 at 16-18.[4]  Plaintiffs correctly

---

[4] Plaintiffs also argue that Defendants have engaged in bad faith in conducting the search for records responsive to Mr. Rosen's FOIA request, because the *Vaughn index* for this case was filed without any affidavit explaining the USCIS's search results.  ECF No. 24-1 at 17.  But, as the parties are aware,

observe that the USCIS FOIA/PA Unit's search did not locate: (1) any video or audio files recording Mr. Yadav's interview with USCIS; (2) any statement made by Mr. Yadav to a Consular Officer; (3) a copy of Steve Wigginton's plea agreement; or (4) copies of any testimony of Mr. Wigginton.  *See id.*; ECF No. 27-2, Munita Decl. at ¶¶ 11-12.  But, as Ms. Munita explains in her Declaration, the USCIS FOIA/PA Unit does not adjudicate applications and petitions seeking immigration benefits that are filed with USCIS.  ECF No. 27-2, Munita Decl. at ¶ 12.

Courts have long recognized that an agency's FOIA declarations are "accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'"  *SafeCard Servs.*, 926 F.2d at 1200 (quoting *Ground Saucer Watch, Inc.*, 692 F.2d at 771).  Because Plaintiffs offer nothing more than such speculation here, they cannot overcome the Defendant's motion for summary judgment as to the adequacy of the USCIS's search.  *Heily*, 69 F. App'x at 174 (A FOIA plaintiff's belief, without more, "that there are other documents he is entitled to . . . is inadequate to withstand a motion for summary judgment.").  And so, the Court DENIES Plaintiffs' motion for summary judgment and GRANTS the Defendants' cross-motion for summary on this issue.  Fed. R. Civ. P. 56.

### C.     Defendants Have Properly Asserted FOIA Exemptions 7(E) And 7(C)

The undisputed material facts also show that the USCIS properly withheld certain records responsive to Mr. Rosen's FOIA request pursuant to FOIA Exemptions 7(C) and 7(E).

When assessing whether records were properly withheld under a FOIA exemption, the Court directs its inquiry at the "information requested and the exemptions claimed."  *Bowers*, 930 F.2d at 357.  The agency bears the burden of demonstrating that "its actions were correct" and the exemptions "are narrowly construed in favor of disclosure."  *Willard*, 776 F.2d at 102; *see also Am. Mgmt. Servs.*, 703 F.3d at 729 (quoting *Hunton*, 590 F.3d at 276).  The USCIS can meet this burden here, by "describing the withheld material with reasonable specificity and explaining how it falls under one of the enumerated exemptions."  *Hanson*, 372 F.3d at 290.

---

Defendants filed the Declaration of Ms. Munita with their motion for summary judgment.  *See* ECF No. 21.

"If there is no reason to question the credibility of the agency and Plaintiffs make no showing in response to that of the Government, this Court should hesitate to substitute its judgment of the sensitivity of the information for that of the agency." *Bowers*, 930 F.2d at 357. And so, summary judgment in favor of the Government is appropriate where the agency's declarations "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Am. Mgmt. Servs.*, 842 F. Supp. at 866 (quoting *Hanson*, 372 F.3d at 290).

Specifically relevant to this dispute, this Court has held that, when determining whether an agency properly withheld records pursuant to FOIA Exemptions 7(C) and 7(E), the Court "must balance the public interest against the privacy interest to be protected." *Zaid v. Dep't of Just.*, No. CV DKC 21-1130, 2023 WL 4351401, at *14 (D. Md. July 5, 2023). In this regard:

> First, an agency must articulate a non-speculative privacy interest in the requested records. Second, a court must verify the existence of a public interest in disclosure. The only relevant "public interest in disclosure" to be weighed . . . is the extent to which disclosure would serve the "core purpose of the FOIA," which is "contributing significantly to public understanding of the operations or activities of the government." Finally, a court must weigh the two interests, mindful that even a very slight privacy interest trumps an insubstantial public interest, and that a speculative privacy interest can never justify withholding, even in the absence of a powerful public interest.

*Id.* (quoting *Havemann*, 2012 WL 4378143, at *5 (quotation amended)).

The Defendants have satisfied this burden here for several reasons. As an initial matter, the Court observes that there can be no genuine dispute in this case that the USCIS is a law enforcement agency for purpose of applying FOIA Exemptions 7(C) and 7(E). As the Defendants correctly argue in their cross-motion, courts have long recognized that the USCIS is a law enforcement agency. *See, e.g.*, *Ibrahim v. United States Dep't of State*, 311 F. Supp. 3d 134, 143 (D.D.C. 2018) ("USCIS is a law enforcement agency."); *Grey v. Cuccinelli*, No. 9:18-CV-01764-DCN, 2020 WL 3104744, at *8 (D.S.C. June 11, 2020) ("the court is convinced that USCIS is a law enforcement agency for purposes of invoking Exemption 7(E)."); *see also Cath. Legal Immigr. Network, Inc. v. United States Citizenship & Immigr. Servs.*, No. TJS-19-1511, 2020 WL 5747183, at *12 (D. Md. Sept. 25, 2020) (quoting *Tax Analysts v. I.R.S.*, 294 F.3d 71,

77 (D.C. Cir. 2002)) ("FOIA makes no distinction between agencies whose principal function is criminal law enforcement and agencies with both law enforcement and administrative functions."). And so, the USCIS may avail itself of FOIA Exemptions 7(C) and 7(E).

The undisputed material facts also show that the USCIS properly withheld certain responsive records pursuant to FOIA Exemption 7(E) in this case. FOIA Exemption 7(E) exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law . . ." 5 U.S.C. § 552(b)(7)(E). And so, to show that this exemption applies to the records withheld in this case, the USCIS must demonstrate: (1) that the records were "compiled for law enforcement purposes[;]" and (2) that the release of the records "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." *Id.*; *Abramson*, 456 U.S. at 622.

A careful review of the *Vaughn* index for this case reveals that Defendants have described in detail the information that the USCIS withheld from Plaintiffs pursuant to FOIA Exemption 7(E) and that these records were compiled for law enforcement purposes. *See Abramson*, 456 U.S. at 622. It is undisputed that the USCIS applied FOIA Exemption 7(E) to withhold: (1) five internal emails, sent between June 23, 2021, and August 30, 2021, between USCIS immigration officers that discussed potential immigration fraud related to an employer sponsored non-immigrant worker visa (H-1B) that was submitted to USCIS on behalf of Mr. Yadav; (2) certain law enforcement information from the FBI Fingerprint and FBI Name Check database query screen-prints, which contained law enforcement data on Plaintiff derived from various law enforcement sources; (3) a USCIS FDNS record of investigation and findings concerning an immigration fraud investigation related to Mr. Yadav, including handwritten notes by an FDNS immigration officer and the results of TECS and other law enforcement information database queries conducted on Mr. Yadav; and (4) portions of a copy of a TECS ROIT that recorded TECS database checks conducted on Mr. Yadav and others, such as sponsors, that appear in Mr. Yadav's immigration record. *See* ECF No. 22-1.

Defendants explain in the *Vaughn* index that the withheld five internal USCIS emails contain a discussion between immigration officers about potential immigration fraud relating to an immigration fraud investigation.  ECF No. 22-1 at Record No. 1.  Defendants also explain that withheld FBI Fingerprint and FBI Name Check database query screen-prints also contain law enforcement data about Mr. Yadav that was derived from various law enforcement sources.  *Id.* at Record No. 2.

Defendants similarly explain that the withheld USCIS FDNS record of investigation and findings contain information about an immigration fraud investigation related to Mr. Yadav, including handwritten notes by an FDNS immigration officer and the results of TECS and other law enforcement information database queries conducted on Mr. Yadav.  *Id.* at Record No. 3.  Lastly, Defendants explain that the withheld portions of the TECS ROIT contain information on TECS database checks conducted by law enforcement officers on Mr. Yadav and others, that appear in Mr. Yadav's immigration records.  *Id.* at Record No. 4.  Given this information, the Court is satisfied that the four records withheld by the USCIS pursuant to FOIA Exemption 7(E) were compiled for law enforcement purposes and that these records contain the types of information that the USCIS may find useful to evaluate immigration fraud indicators, as contemplated by this FOIA exemption.  *See Cath. Legal Immigr. Network, Inc.*, 2020 WL 5747183, at *13 (finding that a withheld document was "compiled for law enforcement purposes" where "[t]he document contain[ed] the 'types of items' that the Agency may be useful to evaluate 'fraud indicators' in connection with the Agency's 'enforcement of immigration and national security laws and directives.'").

Defendants have also shown that the release of these records might create a risk of circumvention of the law, because the records contain information about the law enforcement techniques and procedures utilized during immigration fraud investigations.  As discussed above, the five withheld internal USCIS emails, the withheld USCIS FDNS record of investigation and the withheld portions of the TECS ROIT contain information that could show how the USCIS investigates immigration fraud.   ECF No 22-1 at Record No. 1.  The withheld query of the FBI Fingerprint and FBI Name Check databases similarly contains information about the methods for investigating immigration fraud, because this query contains information about Mr. Yadav in connection with his immigration applications and petitions.  *Id.* at Record No. 2.  And so, the Court is satisfied that these records have been properly withheld by the USCIS under FOIA

Exemption 7(E).  *See Am. Immigration Lawyers Ass'n v. U.S. Dep't of Homeland Sec.*, 852 F. Supp. 2d 66, 79 (D.D.C. 2012) (finding that disclosure of fraud indicators "reasonably could lead to circumvention of laws or regulations," as they could "provide a 'roadmap' or 'guidance' to those looking to circumvent the law, which would thwart future law enforcement efforts").

In addition, Defendants have shown that the USCIS properly withheld certain records under FOIA Exemption 7(C).  FOIA Exemption 7(C) protects from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy . . ." 5 U.S.C. § 552(b)(7)(C).  Defendants have shown that the privacy interests in the records or information at issue here outweighs the public interest in disclosure for several reasons.

First, Defendants explain in the *Vaughn* index that the USCIS withheld three records pursuant to FOIA Exemption 7(C), because the records contain the names and other personally identifiable information of USCIS and other law enforcement officers.  ECF No. 22-1 at Records 1, 3, and 4.  Specifically, the *Vaughn* index explains that the USCIS withheld: (1)  portions of the five internal USCIS emails discussed above that contain the immigration officers' names, email addresses, and phone numbers; (2) the personally identifiable information of USCIS immigration officers and other federal law enforcement officers contained in the USCIS FDNS record of investigation and findings; and (3) portions of the TECS ROIT that contain the personally identifiable information of USCIS immigration and other federal law enforcement officers.  *See id.*

As Defendants persuasively argue, the USCIS officers and other law enforcement officers that are the subjects of this sensitive information have a strong privacy interest in not having their names and other personally identifiable information released.  ECF No. 27-1 at 15.  The *Vaughn* index also makes clear that the personally identifiable information at issue here is related to the officers' involvement in USCIS immigration fraud investigations.  *See* ECF No. 22-1 at 1-2, 4-6.  Given this, the Court is also satisfied that the USCIS properly withheld these records and information pursuant to FOIA Exemption 7(E).

Because the undisputed material facts show that the USCIS has described the withheld material at issue in this case with reasonable specificity and explained how this information falls

under FOIA Exemptions 7(C) and 7(E), and this showing is not controverted by either contrary evidence in the record or evidence of agency bad faith, the Court will not substitute its judgment regarding the sensitivity of the information withheld for that of the USCIS. *Hanson*, 372 F.3d at 290. And so, the Court DENIES Plaintiffs' motion for summary judgment and GRANTS Defendants' cross-motion for summary judgment on this final issue. *See Am. Mgmt. Servs.*, 842 F. Supp. 2d at 866 (quoting *Hanson*, 372 F.3d at 290) (Summary judgment in favor of the Government is appropriate where the agency's declarations "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.").

## V.     CONCLUSION

In sum, the undisputed material facts show that Plaintiffs may not pursue their APA claim in this case, because the exclusive remedy for the relief that they seek is provided by FOIA. The undisputed material facts also show that the USCIS made a good faith effort to conduct a search for records responsive to the subject FOIA request, using methods which can be reasonably expected to produce the information requested.

In addition, the undisputed material facts show that the USCIS properly asserted FOIA Exemptions 7(C) and 7(E) with regard to the law enforcement records that have been withheld in whole, or in part, by the agency.

And so, for the foregoing reasons, the Court:

1. **DENIES** Plaintiffs' motion for summary judgment;

2. **GRANTS** Defendants' cross-motion for summary judgment; and

3. **DISMISSES** the complaint.

A separate Order shall follow.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge